STEPHEN J. ERIGERO (SBN 121616)
TAHEREH MAHMOUDIAN (SBN 217120)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone: (213) 312-2000
Facsimile: (213) 312-2001
Email: serigero@rmkb.com
tmahmoudian@rmkb.com

Attorneys for Defendants
LIBERTY MUTUAL FIRE INSURANCE
COMPANY (*ERRONEOUSLY SUED AS*
LIBERTY MUTUAL INSURANCE COMPANY)
AND LIBERTY MUTUAL GROUP INC.
(*ERRONEOUSLY SUED AS* LIBERTY MUTUAL,
INC.)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CAROLE L. FITZGERALD,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE CO., LIBERTY MUTUAL, INC. and DOES 1 through 100,<br><br>Defendants. | CASE NO. SACV 13-0262-DOC (JPRx)<br><br>**PROTECTIVE ORDER** |

### ORDER

Pursuant to the stipulation and joint application of the parties, FOR GOOD CAUSE SHOWN, it is hereby ORDERED that the parties may designate certain documents "Confidential" or "Confidential –Attorney's Eyes only," **as modified by the Court (see attached copy of modified protective order.)**

Dated: October 31, 2013

*[signature]*

Honorable JEAN P. ROSENBLUTH
United States Magistrate Judge

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

STEPHEN J. ERIGERO (SBN 121616)
TAHEREH MAHMOUDIAN (SBN 217120)
ROPERS, MAJESKI, KOHN & BENTLEY
515 South Flower Street, Suite 1100
Los Angeles, CA 90071-2213
Telephone:  (213) 312-2000
Facsimile:  (213) 312-2001
Email:      serigero@rmkb.com
            tmahmoudian@rmkb.com

Attorneys for Defendants
LIBERTY MUTUAL FIRE INSURANCE
COMPANY (*ERRONEOUSLY SUED AS*
LIBERTY MUTUAL INSURANCE COMPANY)
AND LIBERTY MUTUAL GROUP INC.
(*ERRONEOUSLY SUED AS* LIBERTY MUTUAL,
INC.)

*Note changes made by the Court *

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| CAROLE L. FITZGERALD,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE CO., LIBERTY MUTUAL, INC. and DOES 1 through 100,<br><br>Defendants. | CASE NO.  SACV 13-0262-DOC (JPRx)<br><br>**STIPULATION AND PROTECTIVE ORDER** |

    The parties to this action, Plaintiff Carole Fitzgerald on the one hand and Defendants Liberty Mutual Fire Insurance Company and Liberty Mutual Group Inc. on the other hand, subject to the approval of this Court, hereby stipulate to the following protective order:

    1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective

Order (hereinafter "Order"). Confidential information is information which has not been made public and which concerns or relates to the processes, operations, claims handling and underwriting procedures and guidelines, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as Confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Confidential, and to label such portions appropriately.

4. Materials designated as Confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution,

defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action; and

(e) any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a written nondisclosure agreement in the following form:

## NONDISCLOSURE AGREEMENT

I hereby acknowledge that I, [name], [position of employment,] am about to receive, confidential information supplied in connection with the litigation entitled *Carole Fitzgerald v. Liberty Mutual Ins. Co. et al.*, United States District Court, Central District of California (Southern Division) Case No. SACV 13-0262-DOC (JPRx).

I do solemnly swear that such documents are to be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order executed on [date] in this action, and that I have been given a copy of and have read this Stipulated Protective Order and agree to comply with and be bound by its terms and conditions. I understand that such documents and any copies that I make of any documents as defined in that Stipulated Protective Order, or any notes or other records regarding any such matters, shall not be disclosed to any person except as defined in that Stipulated Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

A signed copy of each written nondisclosure agreement shall be retained by counsel for the party making such disclosure, and, at the conclusion of this

litigation, the counsel for each party receiving Confidential documents will provide to the other counsel written confirmation that all Confidential documents and/or all copies of such documents are being returned, at the time said Confidential documents are returned as set forth below.

      6.     Depositions shall be taken only in the presence of qualified persons.

      7.     The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL -- ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 through 6 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

      8.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

      9.     If Confidential Material, including any portion of a deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed in Court, such papers shall be labeled "Confidential -- Subject to Court Order" and filed under seal pursuant to Local Rule 79-5 until further order of this Court.

      10.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court pursuant to Local Rules 37-1 and 37-2 the question of whether any particular document or information is confidential or whether its use

should be restricted or (ii) to present a motion to the Court under F.R.C.P. 26(c) and Local Rules 37-1 and 37-2 for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.