1  STEPHEN J. ERIGERO (SBN 121616)
   TAHEREH MAHMOUDIAN (SBN 217120)
2  ROPERS, MAJESKI, KOHN & BENTLEY
   515 South Flower Street, Suite 1100
3  Los Angeles, CA 90071-2213
   Telephone: (213) 312-2000
4  Facsimile: (213) 312-2001
   Email: serigero@rmkb.com
5         tmahmoudian@rmkb.com

6  Attorneys for Defendants
   LIBERTY MUTUAL FIRE INSURANCE
7  COMPANY (*ERRONEOUSLY SUED AS
   LIBERTY MUTUAL INSURANCE COMPANY*)
8  AND LIBERTY MUTUAL GROUP INC.
   (*ERRONEOUSLY SUED AS* LIBERTY MUTUAL,
9  INC.)

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    SOUTHERN DIVISION

13

14  CAROLE L. FITZGERALD,                CASE NO. SACV 13-0262-DOC (JPRx)
                                         [Assigned to Hon. David O. Carter]
15              Plaintiff,
                                         [~~PROPOSED~~] JUDGMENT IN FAVOR
16       v.                              OF DEFENDANTS LIBERTY
                                         MUTUAL FIRE INSURANCE
17  LIBERTY MUTUAL NSURANCE              COMPANY AND LIBERTY MUTUAL
    CO., LIBERTY MUTUAL, INC.            GROUP INC.
18  and DOES 1 through 100,

19              Defendants.

20

21

22                        [PROPOSED] JUDGMENT

23       After consideration of the papers in support of and in opposition to

24  Defendants Liberty Mutual Fire and Liberty Mutual Group Inc.'s (collectively

25  "Defendants" or "Liberty Mutual") Motion for Summary Judgment against plaintiff

26  Carole Fitzgerald ("Plaintiff" or "Fitzgerald") and the oral argument of counsel, this

27  Court GRANTS summary judgment in favor of Defendants on the following

28  grounds:

RC1/7343575.1/TM1                    - 1 -
                          [PROPOSED] JUDGMENT

1     (1) The Release (also referenced as "settlement agreement") signed by the Plaintiff and her counsel in November 2011 is comprehensive and includes "any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, expenses an compensation whatsoever which the undersigned now have or which may hereafter accrue on account of that certain incident occurring on or about November 20, 2010, in Orange, California." Because the Release is comprehensive and valid, no conduct regarding Defendants' pre-settlement handling of the claims can constitute bad faith as these claims are clearly waived under the agreement. Any claims based on a breach of the policy are precluded by the settlement.

    (2) The Plaintiff's "bad faith" claim fails as a matter of law because she brought no causes of action in her complaint challenging the settlement itself. The complaint alleges bad faith only as to the performance of the covenants claimed in the policy itself.

    (3) The Release is valid and enforceable because there was adequate consideration to form a binding contract because Defendants agreed to pay $50,000.00 for the release of all of the Plaintiffs' claims. Any claim that the $50,000 was not paid would have to encompass a breach of contract claim. The Plaintiff has alleged no breach of the settlement agreement.

    (4) The alleged delay in issuing the final check by Defendants does not constitute a breach of insurance contract or bad faith. Fitzgerald rejected the initial check, issued promptly by Defendants, because it included possible lienholders as payees. Fitzgerald then requested a check payable only to Fitzgerald, which required assurances from Medicare and Healthcare Recoveries regarding their respective claims. The delay in receiving notice from Medicare explains the delay in Liberty Mutual issuing the check, delay that cannot be attributed to Defendants.

    ORDERED, ADJUDGED AND DECREED that:

    1. Judgment is entered in favor of Defendants Liberty Mutual Fire

1  Insurance Company and Liberty Mutual Group Inc. and against plaintiff Carole
2  Fitzgerald.
3      2.    The above entitled action is dismissed with prejudice as to Defendants.
4      3.    Defendants are the prevailing party and are entitled to seek their costs
5  against plaintiff Carole Fitzgerald in accordance with Federal Rules of Civil
6  Procedure, Rule 54(d) and 28 USC § 1920.
7  Dated: 3/3/14

_____
The Honorable David Carter
United States District Judge

RC1/7343575.1/TM1    - 3 -
[PROPOSED] JUDGMENT